Fragman Construction Company, a Division of Capitol Fixture and Construction Corporation, Plaintiff-Appellee, *v.* Preston Construction Company, Inc., Defendant and Third Party Plaintiff-Appellee.— (Aetna Insurance Company, Third Party Defendant-Appellant.)

(No. 70-280; ▮▮▮▮▮▮▮▮▮▮

Second District—October 15, 1971.

*Rehearing denied November 18, 1971.*

Gilbert, Powers & Graves, of Rockford, for appellant.

King & McNamara, of Rockford, (John F. McNamara, of counsel,) for appellee.

Mr. PRESIDING JUSTICE MORAN delivered the opinion of the court:

Aetna Insurance Company, a third party defendant, (hereinafter referred to as Aetna) appeals from a summary judgment entered on behalf of Preston Construction Company, a third party plaintiff (hereinafter referred to as Preston).

Preston, a sewer contractor, entered into an agreement with the City of Rockford, whereby it agreed to install water mains for the City. Pursuant to this contract, Preston, in December 1967, installed a water main which was to provide service for a department store under construction. On January 6, 1968, the water was turned on in the main. A defectively installed shut-off valve did not function properly, resulting in the escape of water which poured upon the construction site. Fragman Construction Company, the contractor who was building the store, (hereinafter referred to as Fragman) brought a two count complaint against Preston and the City seeking recovery for damages to the construction site caused by the water. Subsequently, Rockford was dismissed from the suit and Fragman filed an amendment to the complaint. Upon a bench trial Fragman received a judgment against Preston in the amount of $15,694.80 plus costs.

Preston had been issued a comprehensive general liability policy by Aetna which policy was in effect from October 1, 1967, until October 1, 1968. After Preston had been notified of the Fragman claim, it notified Aetna and demanded defense of the suit under the terms of the insurance contract. Aetna denied coverage, alleging that its investigation indicated that the damages occurred after Preston had completed its job and that the policy did not provide for completed operations insurance. After Fragman's suit was commenced, counsel for Preston tendered all of the pleadings to Aetna and demanded performance. Aetna again stated that there was no coverage and that it, consequently, did not have to provide a defense.

On May 8, 1970, after the judgment had been entered in favor of Fragman, Preston was granted leave to file a third party complaint against Aetna, alleging that Aetna was liable to Preston under the insurance policy. On July 27, 1970, Preston filed a motion for summary judgment, alleging: that the Fragman complaint stated a cause of action which was potentially covered by the Aetna policy; that, under Illinois law, if a complaint alleges facts which indicate potential coverage under a liability policy, the insurer has the duty to defend the action brought against the insured; that Aetna did not defend, even though there was potential coverage and consequently is now estopped from asserting non-coverage defenses. The motion for summary judgment was granted; Aetna was

ordered to pay Fragman the amount of the judgment and to pay Preston its attorney's fees. Aetna appeals from that order.

■■ The law in Illinois concerning the insurer's duty to defend a suit brought against an insured party is articulated in three principle cases. (*Country Mut. Ins. Co. v. Murray* (1968), 97 Ill.App.2d 61; *McFadyen v. North River Ins. Co.* (1965), 62 Ill.App.2d 164; *Sims v. Illinois Nat. Cas. Co. of Springfield* (1963), 43 Ill.App.2d 184.) These cases develop the rule that the insurer has the duty to defend the insured when a complaint has been filed against the insured and when the allegations in the complaint "state facts which bring the case within, or potentially within, the coverage of the policy * * *." (*McFadyen v. North River Ins. Co., supra,* 170-171.) Unless the complaint alleges facts which, if true, would exclude coverage, the potentiality of coverage is present and the insurer has a duty to defend. (*Country Mut. Ins. Co. v. Murray, supra,* 72.) This rule is based upon the principle that the insurer's duty to defend is broader than its duty to pay. If there is potential coverage but the insurer believes it has valid exclusionary coverage defenses, it must: (1) secure a declaratory judgment of its rights while defending the potential insured under a reservation of rights, or (2) defend the potential insured under a reservation of rights and adjudicate its coverage in a supplemental suit. (*Country Mut. Ins. Co. v. Murray, supra,* 73.) If the insurer refuses to defend or seek a declaratory judgment in a case where there is potential coverage, it is estopped from raising exclusionary defenses in a subsequent action against the carrier by the insured.

Consequently, the issue before us is whether Fragman's complaint, filed against Preston, alleged facts which brought the action within, or potentially within, the coverage of the Aetna policy. If potential coverage was present, Aetna breached its duty to defend and is estopped from raising any exclusionary coverage defenses, and summary judgment was properly entered in Preston's behalf, since there would be no material issues to be tried.

We must now examine the "four corners" of the complaint and the policy to determine if the contents of the complaint, when taken at face value, alleged a cause of action which is potentially covered by the policy. (*Country Mut. Ins. Co. v. Murray, supra* 71.) Count 1 of the complaint in part stated:

"6. That pursuant with its contract to the CITY OF ROCKFORD the said PRESTON CONSTRUCTION CO., INC., installed said 12 inch water main * * * to the premises in question, affixed a shut-off valve at the southerly terminus of said water main; that on or about January 6, 1968, the CITY OF ROCKFORD, without notice to

PRESTON CONSTRUCTION CO., INC., turned the water into said main under such pressure that the shut-off valve installed by PRESTON CONSTRUCTION CO., INC., broke, slipped or separated from its intended connection. * * *

7. That at and prior to said time and place the defendant, PRESTON CONSTRUCTION CO., INC., was guilty of one or more of the following negligent acts or omissions, to-wit:

a) That it attached and affixed a shut-off valve to the 12 inch water main or an extension therefrom, in such manner that when subjected to water pressure it broke, slipped or separated from said main or extension, * * *

b) That it improperly attached said shut-off valve to water main * * *;

c) That it attached and connected a shut-off valve to said water main or extension without properly securing and fastening same;

d) That it attached or connected said shut-off valve to a collar or sleeve which was improper, inadequate and insufficient to properly hold said shut-off valve pressure;

e) That it failed to securely bolt or attach said shut-off valve to said water main or extension;

f) That it improperly allowed and permitted said shut-off valve to slip and separate from said water main or extension when under pressure;

g) That it failed and omitted to notify the City of Rockford, Water Department, that said shut-off valve was not securely attached so as to hold under pressure."

Count II as amended provided in part:

"9. That the aforesaid damage was received from the water that escaped from the water main which had been constructed by the defendant, * * * and that said damage would not have occurred if the water main and its pertinent parts had been properly connected and installed."

From the face of the complaint it appears clear that Fragman was charging Preston with negligent installation of the shut-off valve. Since a comprehensive liability policy covers negligent acts committed by the insured during the course of operations, it would seem that the facts alleged in the complaint were covered, or at the very least, were potentially covered by the Aetna policy.

■■ Aetna argues that there was no potential coverage since Preston did not have completed operations coverage and the negligent acts alleged, occurred after completion of the operation. Aetna bases this argu-

ment first, on the fact that Fragman's complaint was phrased in the past tense indicating that, at the time damage occurred, Preston had already completed its work. In this regard it is difficult to imagine how a complaint can allege negligence, whether during the course of the work or after the work had been completed, without using the past tense. Additionally, Count II of the complaint as amended, alleged negligence "at and prior to" the time of damage which would appear to allege negligence at the time the work was being done.

■■ Secondly, Aetna concludes there was no potential coverage since damages did not occur until after the operation had been completed and that post-operation damages can only be covered in a completed-operations policy. We do not agree since the complaint does not allege that damages occurred after the operations were completed; rather, Aetna came to this conclusion through its own investigation. The law is clear that, in determining whether there is potential coverage, only the complaint can be considered.

"The insurer's duty to defend is predicated not upon information in its possession which indicates or even proves noncoverage. Rather, it is predicated upon the allegations in the complaint in an action brought against the insured and when such allegations state facts which bring the case within, or potentially within, the coverage of the policy, the insurer is from this time on unjustified in not defending the insured." *McFadyen v. North River Ins. Co., supra,* 170-171.

■■ We hold that the complaint, on its face, alleged facts which showed potential coverage and that Aetna breached its resultant duty to defend Preston. Consequently, Aetna is estopped from asserting any exclusionary defenses. There are, therefore, no material issues to be tried. The summary judgment entered in favor of Preston is hereby affirmed.

Judgment affirmed.

GUILD and SEIDENFELD, JJ., concur.