SAUL S. SHERMAN *et al.,* Plaintiffs-Appellants, *v.* THE HOME INSURANCE COMPANY *et al.,* Defendants-Appellees.

(No. 59248;

First District (3rd Division)—January 9, 1975.

Julie H. Friedman, Michael L. Shakman, and Arthur W. Friedman, all of Devoe, Shadur & Krupp, of Chicago, for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Thomas M. Hamilton, and Stanley J. Davidson, of counsel), for appellees.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

This is an appeal from the dismissal of the plaintiffs' complaint against their insurers, The Home Insurance Company and the Federal Insurance Company, for failure to represent them in a legal action.

A personal injury suit was filed against Rockford Iron Works, Inc., a Delaware corporation, on March 25, 1970. The complaint, brought by James Cobban, alleged that he was severely injured in the course of his employment when a punch press manufactured by Rockford malfunctioned.

Rockford Iron Works had been dissolved in June 1966. The plaintiffs were shareholders of the corporation and its assets had been distributed among them. On learning of the suit against Rockford the plaintiffs determined that Rockford had a defense to the suit under section 278 of the Delaware Business Corporation Act, which provides that a lawsuit cannot be commenced against a corporation which has been dissolved for 3 years. However, with no corporate entity to assert the defense, the plaintiffs foresaw that a default judgment would be entered against Rockford. If this happened, they were apprehensive that they might be called upon to pay the judgment. Section 325(b) of the Delaware Business Corporation Act provides that a default judgment can be pursued against the shareholders of a dissolved corporation to the extent of the assets distributed to them. According to the plaintiffs' in-

terpretation of Delaware law, if the judgment were pursued against them it was doubtful whether the complete defense provided by section 278 of the Delaware Act would be available to them as individuals. They determined that it would be in their best interest to prevent a default judgment from being entered against Rockford. They decided, therefore, to enter the case and raise the section 278 defense on behalf of the corporation.

The plaintiffs Saul and Devorah Sherman were insured by The Home Insurance Company and the Federal Insurance Company; the plaintiff Shirley Cohen was insured by CNA Insurance and the Insurance Company of North America; the plaintiff David Emerman, as trustee, was insured by the Travelers Indemnity Company. Each insurance policy contained a substantially identical provision that the company would defend any suit brought against its insured which alleged bodily injury, and would pay all sums which its insured would be legally obligated to pay as damages because of such bodily injury.

The plaintiffs asked the carriers to assume the defense of the Cobban suit. They explained that they could ultimately be held liable for the damages awarded Cobban and that it would be to their advantage to enter the suit and raise the complete defense provided by section 278 rather than wait for a default judgment to be entered and be named as defendants in a separate suit. The carriers refused to defend, and the plaintiffs retained counsel to represent Rockford. Their counsel moved to dismiss on the ground that a Delaware corporation could not be sued more than 3 years after it was dissolved. The motion was sustained, and Rockford was dismissed from the suit.

The plaintiffs then demanded that their insurers repay them the fees they had paid and the costs they had expended in defending the Cobban suit. The insurers refused and the plaintiffs brought this action. The Home and Federal insurance companies moved to strike the complaint. Their motion was granted and the plaintiffs appealed. The action is pending in the trial court against the remaining three defendants, but the court's order stated there was no just reason to delay the present appeal.

Home and Federal's motion to strike in the trial court and their position in this court are the same: they were not obligated to represent Saul and Devorah Sherman because the Shermans were not named as defendants in the Cobban suit, and nowhere in the Cobban complaint was liability asserted against them as individuals or as shareholders. Additionally, Home Insurance contends that the Shermans were not entitled to representation because their liability, if any, would be in the nature

of a "business pursuit" which coverage was excluded from the Home policy.

An insurer must defend a suit brought against its insured when the complaint states facts which fall within the potential coverage of the policy. If the complaint does not state facts bringing it within the policy, the insurance company may decline to defend the suit. (*Fragman Construction Co. v. Preston Construction Co.* (1971), 1 Ill.App.3d 1002, 274 N.E.2d 614; *Midwest Contractors Equipment Co. v. Bituminous Casualty Corp.* (1969), 112 Ill.App.2d 134, 251 N.E.2d 349.) An unjustified refusal to defend makes the company liable for the amount recovered from its insured either by way of judgment or settlement, for his costs in defending the suit and for any additional damages caused by its refusal to defend. *Sims v. Illinois National Casualty Co.* (1963), 43 Ill.App.2d 184, 193 N.E.2d 123.

An insurance company's obligation to represent its insured depends on the allegations of the complaint and the provisions of the insurance policy. (*Hartford Accident & Indemnity Co. v. Case Foundation Co.* (1973), 10 Ill.App.3d 115, 294 N.E.2d 7.) In *Sims* the court affirmed the general rule that the personal injury complaint must show on its face that there is no coverage before an insurance carrier can safely refuse to defend.

There was no indication in the Cobban complaint that the Shermans might possibly be sued for damages caused by personal injury. It was only through their own theory concerning their potential involvement that a contingent liability might conceivably be envisioned. The insurance companies were not required to consider contingencies not discernible in the complaint. The plaintiff's determination that it was in their best interests to enter the suit was a plausible one but was neither indicated nor dictated by the complaint itself, and, therefore, the companies were not obligated to represent them.

The plaintiffs argue that *Sprayregen v. American Indemnity Co.* (1969), 105 Ill.App.2d 318, 245 N.E.2d 556, supports the duty of an insurance company to consider known facts outside the complaint in determining the coverage of its policy. However, in *Sprayregen* the court held that the complaint itself indicated that there was a potential cause of action against the insured. The complaint stated that the address of the property where the injury occurred was adjacent to the insured property, and it also stated that there was a wooden projection in front of the premises where the injury occurred. There was such a projection in front of the insured's property. Furthermore, the policy definition of insured property included the ways immediately adjoining it, so that under the complaint alleging injury on adjacent property the insured could

have been potentially liable. The court's conclusion that the company was bound to represent its insured was based on the allegations of the complaint and on the terms of the policy; it did not espouse the plaintiffs' proposition that an insurance company should consider known facts outside the complaint.

The plaintiffs have cited several cases from other jurisdictions which do state that insurance companies must consider facts known to them which conflict with a complaint when they determine whether there is potential coverage under their policies. (*Crum v. Anchor Casualty Co.* (1963), 264 Minn. 378, 119 N.W.2d 703; *Albuquerque Gravel Products Co. v. American Employers Insurance Co.* (10th Cir. 1960), 282 F.2d 218; *Hardware Mutual Casualty Co. v. Hilderbrandt* (10th Cir. 1940), 119 F.2d 291; see also Annot., 50 A.L.R.2d 458 (1956).) While these cases are impressive they are contrary to prevailing Illinois law.

Because we hold that the defendants did not have the duty to represent the plaintiffs, we need not reach the issue raised by The Home Insurance Company regarding the effect of the exclusionary clause in its policy concerning the "business pursuits" of those it insured.

The order of the trial court is affirmed.

Affirmed.

McGLOON, P. J., and MEJDA, J., concur.