ROBERT C. WEED, d/b/a Northern Illinois Transit Company, Plaintiff-Appellant, v. OHIO FARMERS INSURANCE COMPANY, Defendant-Appellee.

Third District   No. 77-123

Opinion filed October 26, 1977.

Mark E. Zumdahl, of Ward, Ward, Castendyck, Murray & Pace, of Sterling, for appellant.

James Patton, of Bozeman, Neighbour, Patton & Noe, of Moline (John W. Robertson, of counsel), for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Whiteside County granting a motion for a judgment on the pleadings and dismissing plaintiff Robert C. Weed's complaint with prejudice, assessing costs to plaintiff. Plaintiff Robert C. Weed, d/b/a Northern Illinois Transit Company, instituted the action in the circuit court to recover damages occasioned by the alleged breach by Ohio Farmers Insurance Company of an insurance contract between defendant and one Isom Copeland, based on the charge of breach of contract and, alternatively, of negligence and bad faith by defendant for failure to defend its insured, Isom Copeland, and to pay the judgment rendered in the prior action against its insured.

The record discloses that on or about August 11, 1972, Isom Copeland (the insured) purchased from defendant Ohio Farmers Insurance Company a family automobile insurance policy, having liability limits of $5,000. The policy was captioned "AUTOMOBILE POLICY" and the declaration page of the policy was entitled "FAMILY AUTOMOBILE POLICY." The policy designated as covered owned vehicles of the insured, two passenger-type automobiles, a Mercury Monterey and a Pontiac Catalina. The policy, under "Part I—Liability," specified that defendant was to pay damages for bodily injury and property damage:

" * * * arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, and the company [defendant] shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent * * *."

On December 19, 1972, while the insurance policy was in force, the insured, while operating a certain GMC flatbed truck owned by Jim I.

Copeland, was involved in a motor vehicle collision with plaintiff Robert C. Weed. Plaintiff's vehicle sustained property damage as a result of the collision, and plaintiff filed suit on June 15, 1973, in the Ogle County Circuit Court against the insured Isom Copeland and Jim I. Copeland, seeking to recover damages for property damage sustained by his vehicle in the collision.

Such complaint alleged that defendant Isom R. Copeland was operating a GMC flatbed truck owned by defendant Jim I. Copeland and that at the time Isom R. Copeland was an agent and servant of defendant Jim I. Copeland. It was also shown that on October 15, 1974, and at various times thereafter, the insured's attorney requested that defendant-insurance company undertake the defense of the insured in the action filed by plaintiff but defendant declined to take such action. It appears, also, that the insured and plaintiff entered into settlement negotiations in the prior action but that defendant insurance company refused to participate in any settlement of that action.

The insured, Isom R. Copeland, ultimately proceeded in his own defense at the trial in the prior action, through an attorney he had employed, and without the aid of defendant insurance company. Judgment was rendered in such action in favor of plaintiff Weed as against the insured Isom R. Copeland, in the amount of $15,800 plus court costs. Defendant insurance company did not satisfy the whole or any part of this judgment and did not pay the insured for his costs in defending himself in plaintiff Weed's action.

The insured Isom R. Copeland subsequently assigned all rights and causes of action that he may have against defendant insurance company to plaintiff Weed, and plaintiff Weed then brought the current action against defendant insurance company to recover damages from defendant for its failure to defend the insured, Isom R. Copeland, and to pay the property damage judgment rendered against the insured. Plaintiff's two-count complaint in the instant action alleges, in the first count, breach of contract, and in the second count, negligence and bad faith by defendant. Recovery is sought of the amount of the judgment rendered as against defendant's insured of $15,800 plus costs and $1,500 in attorney's fees incurred by the insured Isom R. Copeland in defending plaintiff's prior action.

Defendant filed a motion for judgment on the pleadings in the trial court in the instant case. By order entered on December 14, 1976, the trial court granted defendant's motion and dismissed plaintiff's suit with prejudice and assessed costs to plaintiff. The trial court found in its order that the insurance policy covering defendant's insured provided coverage for Isom R. Copeland's automobiles but was not intended to provide coverage for a flatbed truck. The court, also, stated that plaintiff's

complaint in the prior lawsuit alleged that the insured was driving a GMC flatbed truck at the time of the accident, and that by reason thereof, defendant insurance company had no coverage or duty to defend the insured in plaintiff Weed's prior action. The court also found that the policy covering the insured excluded coverage for the named insured while he was operating a nonowned automobile when "employed or otherwise engaged in * * * any other business or occupation of the insured * * *." The court stated that plaintiff's complaint in the prior action alleged that at the time of the accident the insured was the agent and servant of Jim I. Copeland and that, therefore, defendant had no duty to defend the insured in plaintiff's prior action.

■■ On appeal in this court, plaintiff argues that the trial court erred in dismissing plaintiff's complaint as substantially insufficient in law. With respect to the duty of an insurer to defend an action brought against an insured, the Illinois Supreme Court stated in *Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 193, 355 N.E.2d 24:

> "In determining whether the insurer owes a duty to the insured to defend an action brought against him, it is the general rule that the allegations of the complaint determine the duty. If the complaint alleges facts within the coverage of the policy or potentially within the coverage of the policy the duty to defend has been established."

Additionally, the Illinois Appellate Court, in *Sherman v. Home Insurance Co.* (1st Dist. 1975), 25 Ill. App. 3d 519, 522, 323 N.E.2d 550, stated:

> "An insurer must defend a suit brought against its insured when the complaint states facts which fall within the potential coverage of the policy. If the complaint does not state facts bringing it within the policy, the insurance company may decline to defend the suit. [Citations.] An unjustified refusal to defend makes the company liable for the amount recovered from its insured either by way of judgment or settlement, for his costs in defending the suit and for any additional damages caused by its refusal to defend. [Citations.]
>
> An insurance company's obligation to represent its insured depends on the allegations of the complaint and the provisions of the insurance policy. [Citation.] * * * [T]he personal injury complaint must show on its face that there is no coverage before an insurance carrier can safely refuse to defend."

■■ We must, therefore, first determine whether the trial court was correct in concluding that the policy was intended to provide coverage for automobiles as designated therein and not for a flatbed truck. The policy provided coverage for bodily injury and property damage "* * * arising out of the ownership, maintenance or use of the owned

automobile or any non-owned automobile * * *." The policy does not define the term "automobile", but does define "non-owned automobile" as:

"* * * an automobile or trailer not owned by or furnished for the regular use of * * * the named insured * * *, other than a temporary substitute automobile* * *."

In *Pioneer Life Insurance Co. v. Alliance Life Insurance Co.* (1940), 374 Ill. 576, 586, 30 N.E.2d 66, the Illinois Supreme Court stated:

"Insurance contracts, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have employed, and if they are free from ambiguity, their terms are to be taken and understood in their plain, ordinary and popular sense. [Citations.] On the other hand, as the insurer is the party who prepares the contract, ambiguous or equivocal expressions whereby the insurer seeks to limit its liability will be construed most strongly against the insurer."

In the instant case, the policy issued by defendant insurance company was labeled a "FAMILY AUTOMOBILE POLICY" and an "AUTOMOBILE POLICY," specifically designating, as covered owned automobiles, a Mercury Monterey and a Pontiac Catalina. We have further taken note of the rule, as stated in *Hartford Accident & Indemnity Co. v. Case Foundation Co.* (1st Dist. 1973), 10 Ill. App. 3d 115, 123, 294 N.E.2d 7:

"In the construction of insurance policies, it is a general rule that absent language to the contrary, a word or phrase in one part is presumed to have the same meaning when it is used in another part of a policy. [Citations.] Reasoning from this principle, we held in *Banner Insurance Co. v. Avella,* 128 Ill. App. 2d 471, 262 N.E.2d 791 that one who accepts the meaning of a term in the coverage clause of a policy must give that term the same meaning when it appears in the exclusionary clause."

While the insurance policy in the instant case does not define the term "automobile," the policy does contain a more specific definition of the term "owned automobile." The policy defines "owned automobile" as meaning:

"(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded,

(b) a trailer owned by the named insured,

(c) a private passenger, farm or utility automobile, ownership of which is acquired by the named insured during the policy period* * *."

The policy also states that:

" 'private passenger automobile' means a four wheel private passenger, station wagon or jeep type automobile;

'farm automobile' means an automobile of the truck type with a load capacity of fifteen hundred pounds or less not used for business or commercial purposes other than farming;

'utility automobile' means an automobile, other than a farm automobile, with a load capacity of fifteen hundred pounds or less of the pick-up body, sedan delivery or panel truck type not used for business or commercial purposes \* \* \*."

In the portion of the insurance policy entitled "Definitions," a "non-owned automobile" is defined:

" 'non-owned automobile' means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile; \* \* \*."

It thus appears from the policy, even if the flatbed truck in the instant case had been owned by defendant's insured Isom R. Copeland, that vehicle would not have been covered under the policy as an "owned automobile" because of the vehicle's body type and style. Since the term "automobile" should generally be presumed to have the same meaning in the phrase "owned automobile" as in the phrase "non-owned automobile," we conclude that the GMC flatbed truck operated by defendant's insured at the time of the accident in question was beyond the scope of intended coverage of the insurance policy, and that the trial court properly dismissed plaintiff's complaint on this ground. We have particularly noted that the only reference to a "truck type automobile" includes only a farm vehicle "with a load capacity of fifteen hundred pounds or less not used for business or commercial purposes other than farming" and, with respect to the definition of "utility automobile" refers only to a "panel truck type not used for business or commercial purposes." Without any further support, the allegation of the complaint describing a GMC flatbed truck as being operated by the insured obviously does not come within the descriptions referred to and appears to be completely inconsistent with the general descriptions contained in what is entitled a "FAMILY AUTOMOBILE POLICY."

■■ The coverage in the policy provided for bodily injury or property damage coverage "arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile," and the company was required to defend any suit alleging any such bodily injury or property damage which would be payable under the terms of the policy. As we construe the policy, we find no basis for including therein the coverage of a GMC flatbed truck.

Plaintiff had also argued that the trial court erred in finding that

coverage under the policy would not apply because of the exclusion of any nonowned automobile while maintained or used by the insured in any other business or occupation of the insured. In view of our determination of the primary issue as to noncoverage of the GMC truck, it is not necessary for us to make any observations as to the conclusions of the trial court on the second issue raised by the plaintiff on this appeal, and nothing herein contained should be construed as an endorsement of the conclusions of the trial court on such issue.

For the reasons noted, therefore, the judgment of the Circuit Court of Whiteside County is affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.