THOMAS B. MOL *et al.*, Plaintiffs, *v.* ROGER J. HOLT, JR., Defendant.— (TRACY L. UNGER, a Minor, by Arthur C. Unger, her Father and Next Friend, Plaintiff-Appellant; INSURANCE COMPANY OF NORTH AMERICA, Garnishee-Appellee.)

Second District   No. 79-420

Opinion filed July 25, 1980.

John F. Pacocha, of Lisle, and Greene, Murphy, Jones & Brisske, of Wheaton (Allen S. Greene and Thomas W. Murphy, of counsel), for appellant.

Law Offices of O'Reilly & Cunningham, of Wheaton (Roger K. O'Reilly and James M. Patek, of counsel), for appellee.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Plaintiffs, Thomas B. Mol and Tracy L. Unger, brought separate personal injury actions against defendant, Roger Holt, Jr. Their actions arose out of the same automobile accident which occurred on July 6, 1977. After they both secured default judgments against Roger Holt, Jr., they brought garnishment actions against Insurance Company of North America (hereinafter I.N.A.). The garnishment actions were consolidated for trial and, at the close of plaintiffs' cases, the court granted a directed verdict in favor of garnishee, I.N.A. Plaintiffs appeal from that judgment.

At the time of the accident in question, Roger Holt, Jr., was a 17-year-old minor who resided with his mother, Frances Holt. Frances Holt had an I.N.A. Champion Family Automobile policy. The policy designated a 1969 Volkswagen as the insured vehicle and provided liability coverage for personal injuries and property damages. The policy contained standard provisions, including the definition of an insured as any resident of the named insured's household with respect to owned automobiles. The policy also contained a standard definition of owned automobile, *i.e.*, any vehicle owned by the named insured which replaces the designated automobile or any additional automobiles owned by the named insured if proper notice is given within 30 days of the date of acquisition.

The complaints filed against Roger Holt, Jr., by Thomas B. Mol and Tracy L. Unger contained the allegations customarily made in a claim for injuries and damages arising out of an automobile collision. With respect to Roger Holt, Jr., and the vehicle he was driving at the time the accident occurred, the complaints alleged simply that Roger Holt, Jr., was the operator of a 1967 Chevrolet Camaro. The complaints did not contain any allegation pertaining to ownership of the vehicle or relationship between Roger Holt, Jr., and Frances Holt. Such allegations were unnecessary and

irrelevant to the personal injury actions which plaintiffs Mol and Unger were asserting. Cf. *Country Mutual Insurance Co. v. Murray* (1968), 97 Ill. App. 2d 61, 72.

The Holts tendered the defense of Roger Holt, Jr., to I.N.A. with regard to the complaints filed against him by Thomas B. Mol and Tracy L. Unger. I.N.A. investigated the matter and ascertained that the 1967 Chevrolet was owned by Roger Holt, Jr., that he had purchased the vehicle in May 1977, and that no application had been made to secure insurance coverage from I.N.A. on the vehicle. I.N.A. thereafter denied coverage and rejected the defense of Roger Holt, Jr., with regard to plaintiffs' law suits.

Plaintiffs assert that, by its refusal to cover and defend Roger Holt, Jr., I.N.A. breached its obligation under its policy and is therefore estopped from raising the policy defense in this garnishment action.

We agree.

■■ Generally, an insurance company's obligation to represent its insured depends upon the allegations of the complaint and the provisions of the insurance policy. (*Sherman v. Home Insurance Co.* (1975), 25 Ill. App. 3d 519, 522; *Hartford Accident & Indemnity Co. v. Case Foundation Co.* (1973), 10 Ill. App. 3d 115, 122.) With few exceptions, it is the duty of an insurer to defend an action brought against the insured if the complaint alleges facts within, or potentially within, policy coverage. (*Thornton v. Paul* (1978), 74 Ill. 2d 132, 144; *Reis v. Aetna Casualty & Surety Co.* (1978), 69 Ill. App. 3d 777, 784; *McFadyen v. North River Insurance Co.* (1965), 62 Ill. App. 2d 164, 170-71.) Unless the complaint, on its face, clearly alleges facts which, if true, would exclude coverage, the potentiality of coverage is present and the insurer has a duty to defend. (*Reis*, 69 Ill. App. 3d 777, 784; *Aetna Casualty & Surety Co. v. Coronet Insurance Co.* (1976), 44 Ill. App. 3d 744, 748; *Fragman Construction Co. v. Preston Construction Co.* (1971), 1 Ill. App. 3d 1002, 1005; *Country Mutual Insurance Co. v. Murray* (1968), 97 Ill. App. 2d 61, 72.) The duty to defend is "not annulled by the knowledge of the insurer that the allegations are untrue." (*Thornton*, 74 Ill. 2d 132, 144; see *Sims v. Illinois National Casualty Co.* (1963), 43 Ill. App. 2d 184, 192.) These rules are based upon the principle that the insurer's duty to defend is broader than its duty to pay. *Fragman Construction Co.* (1971), 1 Ill. App. 3d 1002, 1005; *McFadyen* (1965), 62 Ill. App. 2d 164, 170.

■ It is the appellants' contention that, on the basis of their complaint, I.N.A. had a duty to defend Roger Holt, Jr. Applying the foregoing rules to the case before us, we find appellants' contention to be correct. Both plaintiffs alleged in their complaints that the defendant, Roger Holt, Jr., was driving a 1967 Chevrolet Camaro at the time of the accident. Additionally, although the policy in question included, as the named

insured, only the defendant's mother, Frances A. Holt, and described only a 1969 Volkswagen as an owned vehicle, the policy contained provisions by which coverage was provided for "any resident of the same household" with respect to the owned automobile and "any relative with respect to a non-owned private passenger automobile or trailer." Roger, therefore, was a potential insured under the terms of the policy.

Moreover, the 1967 Chevrolet Camaro was potentially covered by the terms of the policy. A "non-owned automobile" is defined in the policy as "an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile." The policy includes within the definition of "owned automobile" a newly acquired automobile, provided proper notice of acquisition is received by the company, and a "temporary substitute automobile," *i.e.*, one which is temporarily used as a substitute for the owned automobile due to the owned auto's breakdown repair or loss. Neither complaint, on its face, excluded the possibility that the 1967 Chevrolet Camaro involved in the accident was a newly acquired or temporary substitute vehicle. As the complaints do not clearly allege facts which would exclude coverage in this case, the potentiality of coverage was present and the insurer had a duty to defend. *Reis v. Aetna Casualty & Surety Co. of Illinois* (1978), 69 Ill. App. 3d 777, 784.

We have carefully examined the cases cited by I.N.A. in support of its position that its refusal to defend was justified. We find those cases to be distinguishable. Generally, they involved fact patterns wherein it could be determined, from a reading of the complaint in light of the insurance policy at issue, that there existed no question as to coverage or potential coverage. For example, in the case of *Meyer v. Aetna Casualty Insurance Co.* (1964), 46 Ill. App. 2d 184, the policy specifically named and excluded the son of the named insured from coverage under the policy. (46 Ill. App. 2d 184, 186.) In *Sherman v. Home Insurance Co.* (1975), 25 Ill. App. 3d 519, there was nothing contained in the complaint indicating that the insureds might possibly be sued for damages caused by personal injury. (25 Ill. App. 3d 519, 522.) The complaint in *Weed v. Ohio Farmers Insurance Co.* (1977), 53 Ill. App. 3d 826, charged that the insured was operating a GMC flat bed truck and the policy in question, as in this case, was entitled a Family Automobile Policy. (53 Ill. App. 3d 826, 827-28.) The court found, from a reading of the complaint and the policy, no intent to extend insurance coverage to a GMC flat bed truck. (53 Ill. App. 3d 826, 831.) In the present case, as we have already indicated, a reading of the complaints in light of the insurance policy, discloses the potentiality of coverage and the duty of I.N.A. to defend.

■■ I.N.A.'s failure to defend estops it from raising policy defenses of

noncoverage in the subsequent garnishment action brought by the plaintiffs as judgment creditors. (*Thornton v. Paul* (1978), 74 Ill. 2d 132, 145.) Therefore, the trial court erred in allowing evidence to be introduced by I.N.A. concerning policy defenses and in entering judgment in favor of I.N.A. and against the plaintiffs.

■ The measure of garnishors' damages where the insurer has wrongfully refused to defend is the amount of the judgments against the insured, Roger Holt, Jr. *Thornton v. Paul* (1978), 74 Ill. 2d 132, 144-45.

The judgments of the trial court entered at the close of plaintiff's proofs, in favor of the Insurance Company of North America, garnishee, and against each of the plaintiffs-garnishors, Tracy L. Unger and Thomas B. Mol, are set aside and vacated and the matter is remanded to the trial court for futher proceedings not inconsistent with this opinion.

Reversed and remanded.

SEIDENFELD, P. J., and NASH, J., concur.