ALLIANZ VERSICHERUNGS-AG, as Subrogee of Winker and Dunnebier, GMBH, Plaintiff-Appellant, v. FEDERAL INSURANCE COMPANY, Defendant-Appellee.

First District (1st Division)   No. 1—89—1082

Opinion filed May 7, 1990.—Rehearing denied August 8, 1990.

Robert D. Kolar & Associates, Ltd., of Chicago (Robert D. Kolar, Thomas M. Sheehan, and Michele T. Oshman, of counsel), for appellant.

Brinton, Bollinger & Ruberry, of Chicago (John D. Kuhn, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Federal Insurance Company (Federal) refused to defend an insured against a contribution action, based on policy exclusions, and the subrogee of the insured, Allianz Versicherungs-AG (Allianz),

brought a declaratory judgment action against Federal. Allianz and Federal filed cross-motions for summary judgment, and the trial court denied Allianz's motion and granted Federal's, ruling that Federal had no duty to defend or indemnify. For the reasons below, we affirm.

On July 3, 1989, Lillian Holland was injured by an envelope-folding machine while working for her employer, Westvaco, located in North Chicago, Illinois. Holland sued the distributors and manufacturers of the machine, Winkler & Dunnebier Company, and Berkley Machine Company, alleging negligence and strict liability for making modifications in the machine and failing to train Westvaco employees.

Winkler & Dunnebier counterclaimed against Berkley, which tendered the counterclaim to its general liability insurer, Federal. Berkley's policy provided in relevant part:

"[Federal] will pay on behalf of [Berkley] all sums which [Berkley] shall become obligated to pay as damages by reason of *** bodily injury, property damage or personal injury caused by an occurrence and [Federal] shall have the right and duty to defend any suit against [Berkley] seeking damages on account of such bodily injury, property damage or personal injury, even if any of the allegations of the said suit are groundless, false or fraudulent ***."

The policy excluded coverage for products liability claims, however, where

"the bodily injury or property damage occurs away from the premises owned by or rented by [Berkley] and after physical possession of [Berkley's] products have been relinquished to others."

Based on the policy exclusions, Federal refused to defend or indemnify Berkley. Holland's action was settled for $220,000, $209,000 of which was assessed against Berkley.

Berkley assigned its rights against Federal to Winkler & Dunnebier, and the settlement was paid by Winkler & Dunnebier's insurer, Allianz. Allianz then brought a declaratory judgment action against Federal, and the parties filed cross-motions for summary judgment. The trial court denied Allianz's motion and granted Federal's, ruling that Federal had no duty to defend or indemnify. Allianz appeals.

The trial court found that the allegations of the complaint showed that the injury occurred off Berkley's premises, and after the machine was no longer in Berkley's possession, placing the claims within the policy exclusions and excluding any potential coverage. We agree.

■■ ■ An insurer has no duty to defend or indemnify where the underlying complaint affirmatively alleges facts which, if true, exclude any potential coverage under the policy. (*Fragman Construction Co. v. Preston Construction Co.* (1971), 1 Ill. App. 3d 1002, 274 N.E.2d 614; *Country Mutual Insurance Co. v. Murray* (1968), 97 Ill. App. 2d 61, 72, 239 N.E.2d 498.) Here, the complaint alleged that "on or prior to July 3, 1980, [Berkley had] sold and/or leased" the machine that caused Ms. Holland's injury to "WESTVACO, U.S. Envelope Division, Sheridan Road and 10th Street, North Chicago, Illinois." The complaint also alleged that Ms. Holland was injured "while in the course of her duties at WESTVACO, U.S. Envelope Division." The products liability count further alleged that the machine was in the possession of Westvaco when the injury occurred. Based on the allegations, it appears clear that the machine was off Berkley's premises at the time of the injury, and that, whether the machine had been sold or leased, Berkley had relinquished possession to Westvaco. Thus, both the negligence and products liability claims were within the policy exclusions, and there was no potential coverage.

Allianz argues, however, that because the word "at" may mean in the employ of, as well as its ordinary meaning, designating a physical location, it was possible to infer that the locus of Ms. Holland's injury was not necessarily the Westvaco plant in North Chicago. Therefore, Allianz contends, it was possible to interpret the complaint to mean that the injury happened merely at a time when Ms. Holland was employed by Westvaco, and that the machine could still have been on Berkley's premises in Kansas City, bringing the complaint potentially within coverage. We are not persuaded.

■■ Determination of potential coverage depends, not on the semantics of the complaint, but the facts alleged, interpreting the words according to their ordinary meanings. Here, the complaint alleged that Westvaco was located in North Chicago and that Ms. Holland was injured while at work. The most reasonable inference, therefore, was that the locus of Ms. Holland's injury was North Chicago, and not Berkley's premises in Kansas City, and nothing in the complaint suggested a contrary interpretation. Federal justifiably refused to defend or indemnify Berkley. Because Federal's refusal was justified, it is unnecessary to address Allianz's argument that Federal was estopped to deny coverage.

■■ Finally, Federal contends, without merit, that Allianz lacked standing to challenge its refusal to defend because Allianz failed to conform to section 2—403 of the Code of Civil Procedure (Ill. Rev.

Stat. 1987, ch. 110, par. 2—403). Section 2—403, although mandatory, is not jurisdictional. Allianz was properly before the court.

The trial court properly granted Federal's motion for summary judgment.

Affirmed.

CAMPBELL and MANNING, JJ., concur.