**Brown Bag Company, a Corporation, Plaintiff-Appellee, v. Bituminous Casualty Corporation, a Corporation, Defendant-Appellant.**

Gen. No. 53,367.

First District.

December 5, 1969.

Doyle, Berdelle and Tarpey, of Chicago (Edward Wolfe, of counsel), for appellant.

Sturman, Sang & Carney, of Chicago (Vincent J. Carney, of counsel), for appellee.

EBERSPACHER, J.

This is an appeal from a judgment of the Circuit Court of Cook County wherein the plaintiff prevailed in its suit for declaratory judgment. The judgment found the defendant insurance company to be obligated under its policy of insurance to defend the plaintiff in a personal injury suit that resulted from alleged negligent acts of the plaintiff's servant. The judgment further ordered the defendant to pay to the plaintiff $1,200 for services rendered in defending the personal injury suit and for the prosecution of the suit from which this appeal arises.

The facts surrounding the case are as follows:

On August 5, 1961, Violet Corner allegedly sustained injury as a result of the negligent acts of an employee of the plaintiff, Brown Bag Company. The alleged injury took place at Hillman's Produce Center, Inc. which was located within a Sears Roebuck Store. The plaintiff, Brown Bag Company, had, at that time and all times herein pertinent, issued to it by the defendant, Bituminous Casualty Corp., a policy of liability insurance.

Mrs. Violet Corner filed suit in July 1963 against the plaintiff. Hillman's and Sears Roebuck were named as codefendants. Upon receipt of the complaint and summons the plaintiff forwarded them to its insurer, this defendant. On July 24, 1963, this defendant notified the plaintiff by certified mail that this defendant was denying coverage for failure of the plaintiff to comply with the following conditions of the policy:

"No. 10—Notice of Accident: When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall

289

contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of the available witnesses.

"No. 11—Notice of Claim or Suit: If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

In May of 1964 this suit was filed asking for a declaratory judgment on the coverage of the policy and for an award of attorney fees for defense of the Corner suit, as well as attorney fees for the present suit. The cause was tried before the court sitting without a jury. At the conclusion of that hearing the trial court announced its decision in favor of the plaintiff and continued the matter to a day certain. On the latter date the court heard evidence bearing on attorney fees to be assessed against the defendant and entered its order. Judgment was entered for plaintiff and attorney fees were assessed against the defendant in an amount of $1,200 in favor of the plaintiff for the defense of the Corner suit and the prosecution of the present action.

The evidence showed without dispute that at all pertinent times that there was in full force and effect an insurance policy issued by the defendant to the plaintiff that would provide coverage to the plaintiff for claims that might arise out of injuries as allegedly suffered by Violet Corner in August of 1961; that the plaintiff did, in July 1963, promptly, upon receipt, forward to the defendant the service of process as required under condition 11 above, of the said policy; that Mr. Peter Tifsky was the vice president and principal operating officer of the plaintiff at the plaintiff's

principal place of business; that the plaintiff's principal place of business is located at 1447 Blue Island Avenue, Chicago, Illinois; and that all correspondence received in evidence was addressed to the corporation at that address. Further, that the accident allegedly suffered by Mrs. Corner occurred at a location remote from plaintiff's business and that there were codefendants with the present plaintiff in the suit filed by Mrs. Corner; that plaintiff's allegedly negligent employee, Goode, had never reported the alleged occurrence to his employer; and that plaintiff had no employee by the name of P. W. Jaky.

 The burden of proving notice is on the person charging it. Reed v. Eastin, 379 Ill 586, 41 NE2d 765. And, whether one has notice of a certain fact is a question of fact and not of law. Paine v. Sheridan Trust and Savings Bank, 342 Ill 342, 174 NE 368. It is obvious from this record that defendant did not satisfy the trier of the facts that plaintiff had such knowledge as to require plaintiff to give defendant the notice required by condition 10, and defendant therefore asserts that the judgment is against the manifest weight of the evidence. Defendant contends that the evidence of mailing of certain letters by a non-party, Safety and Claims Service, Inc., favored by presumptions of receipt, is so strong, that this Court should not hesitate to set aside findings which under defendant's interpretation of the evidence are in fact against the manifest weight of the evidence. We are not here dealing with the giving of notice as specified by Rules of the Supreme Court or provided by our Practice Act, nor the notice provided for by any Illinois statute. Evidence of mailing registered mail raises a presumption of receipt, sufficient to make a prima facie case on notice and a return receipt signed by a party is prima facie evidence of receipt, Ladd v. Cochran & McCluer Co., 274 Ill App 427. The Federal Statute, 39 USCA 5010, provides that registered

or certified return receipts "shall be received in the Courts as prima facie evidence of delivery." We therefore approach the factual situation here presented, on the theory that the presumptions involved are rebuttable ones and note that defendant presented no evidence other than the receipt itself, that plaintiff's agent signed the return receipt presented in evidence.

Plaintiff's witness Tifsky, whom defendant contended was the recipient of notice of the alleged Corner occurrence, testified that the first time he had knowledge of the occurrence was in July 1963 when he was served with summons and complaint which he promptly caused to be forwarded to defendant in compliance with the terms of the policy. In addition to the policy, and the Corner complaint, plaintiff placed into evidence defendant's letter of July 24, 1963, returning the summons and advising plaintiff that it was denying coverage since no accident report or notice of the accident was received by it prior to receipt of the summons, and directed plaintiff's attention to failure to comply with conditions No. 9 and No. 10, purportedly setting out verbatim those conditions.[1] The letter went on to say that plaintiff was put on notice by one, Maitland, of Hillman's insurance carriers (Safety and Claims Service, Inc.),[2] by a letter dated August 8, 1961 with a return receipt dated August 9, 1961, signed by Mr. P. W. Jaky, and a followup of the first letter dated August 25, 1961. Mr. Tifsky testified that he had never received either of the letters referred to and that plaintiff had no employee, J. H. Jaky.

---

[1] No. 9 in the letter was identical to No. 10 of the policy except that No. 10 provided "On the occurrence of an accident" instead of "when an accident occurs." No. 10 in the letter is identical to No. 11 of the policy.

[2] Hillman's was a self insurer; Safety and Claims Service, Inc. was an investigative and claims service employed by them.

Defendant contends that the plaintiff was put on such notice in August 1961, by the two letters referred to in its letter, as to require plaintiff to give the notice required by condition 10 of the policy. To support this contention, defendant placed into evidence a copy of the letter of Maitland dated August 8, 1961 to which was attached a printed form (POD Form 3800) of a receipt for certified mail on which had been typed plaintiff's name and address and on which the blank space for "Postmark or Date" was blank, and on which none of the boxes to be checked if the sender wanted a return receipt, were checked. Defendant also placed into evidence a form of return receipt (POD Form 3811) on the front of which Maitland's employer was shown as the name and address of the sender, and a postmark of August 9, 1961, and the back of which contained 2 boxes for instructions for delivery, neither of which had been filled out, and two blank spaces for signature of the recipient, one of which was designated "Signature or Name of Addressee (Must always be filled out)" and which contained a signature which defendant interpreted as being that of "J. H. Jaky"; the other blank bore the designation "Signature of Addressee's Agent, If Any," and was left blank. In the "Date Delivered" blank, also on the back of the receipt, was written "8–9–61." Quantities of both POD Form 3800 and form POD Form 3811 are furnished to mailers by the Post Office, and the senders fill out Form 3800 and the front of Form 3811, and place the number on the front of Form 3811 which has been placed on Form 3800 before those forms are furnished to mailers. Here the only evidence of any connection between the two forms in evidence is the number 951047 and typewritten indications appearing on Form 3800 and the front of Form 3811, to the effect that Violet Corner and Hillman's were involved in the

293

mailing, obviously made for the purpose of filing in Safety and Claims Service, Inc.'s office.

The second Maitland letter, a copy of which was placed into evidence, was also addressed to plaintiff from Safety and Claims Service, Inc., was dated August 25, 1961, and was allegedly mailed by regular mail.

The content of both letters was such as to advise the recipient that Mrs. Corner was making a claim for alleged injuries sustained as a result of the conduct of some unnamed employee of plaintiff although neither letter indicated that she was making a claim against plaintiff, but rather that she had made a claim against Hillman's for her injury, which was minimized to soreness of the elbow and shoulders. Both asked for cooperation of plaintiff and the first asked that plaintiff acknowledge receipt.

Maitland, the writer, testified that both letters were dictated and signed by him and offered evidence that both were mailed in the regular course of business, although he had no knowledge of the details of mailing; he also testified that the Form 3811 "came back" to the office of Safety and Claims Service, Inc. but that he did not personally receive it, and that no acknowledgment of receipt, as requested, was ever received from plaintiff. On cross-examination, Tifsky denied ever seeing any of defendant's exhibits before.

Although two of defendant's employees were called to testify as to investigative steps taken when they received the Corner complaint, they were positively impeached by their discovery depositions, which caused the court to comment that they recalled nothing that was in their depositions, but when defendant's attorney took them over they had a vivid memory of anything and everything.

Here for the first time defendant asks that a comparison of the signature of Peter Tifsky on the jurat of plaintiff's complaint be made with a signature appearing

on the back of Form 3811, and suggests in its brief that it is established that the signature on Form 3811 is the signature of "P. Tifsky"; and in the brief attempts to analyze the characters and strokes to point out allegedly common characteristics between the two. No evidence of such similarity was presented, nor can we find in either the abstract or record where such alleged similarities were even suggested to the trial court. We make no claim to being handwriting experts and cannot say that the trial court was in error when he found that he did not know whose name was on Form 3811.

▆▆▆ Here the testimony of Maitland was not corroborated, although if entitled to the credence which defendant now urges it demands, it could easily have been, in many ways. Neither was the testimony of Tifsky impeached and the testimony of both could have been readily fabricated. The question of which of them the trial judge deemed most worthy of belief was peculiarly a matter for him to determine. He saw and heard them testify and had an opportunity to observe their conduct and demeanor while testifying. We cannot say that his decision that plaintiff had no knowledge in 1961 is clearly wrong and will not overturn his factual determination; it is not manifestly contrary to the weight of the evidence. Country Mutual Insurance Co. v. Murray, 97 Ill App2d 61, 239 NE2d 498.

The appellant urges that the court erred in its award of attorney fees.

▆▆▆ There having been no showing or contention that the insurer's actions were vexatious, the trial court did err in awarding $1,200 fees for defense of the Corner suit and the prosecution of this matter. The matter is controlled by the contract. The defendant is contractually liable for only those fees incurred by the defendant in defending the Corner suit. The amount of attorney fees is therefore reduced to that figure stated by the plaintiff as and for defense of the Corner suit and agreed to

295

by the defendants. The award for attorney fees is thereby reduced from $1,200 to $265. Country Mutual Insurance Co. v. Murray, supra.

Accordingly, the judgment of the Circuit Court of Cook County is affirmed except as modified as to the amount of attorney fees as set forth herein.

Judgment affirmed as modified.

GOLDENHERSH and MORAN, JJ., concur.