JACK TUELL et al., Plaintiffs-Appellees and Cross-Appellants, v. STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellant and Cross-Appellee (Roger W. Seele, Special Adm'r of the Estate of Stuart J. Seele, Deceased, Defendant-Appellee).

Second District   No. 84—179

Opinion filed April 9, 1985.

Bruce C. Erickson, of Mateer & Erickson, of Rockford, for appellant and cross-appellee State Farm Fire & Casualty Company.

Larry E. Ohlson and David A. North, both of Rockford, for appellees and cross-appellants Jack Tuell and Jacqueline Tuell.

John M. Boreen, of Rockford, for appellee Roger W. Seele.

JUSTICE SCHNAKE delivered the opinion of the court:

Defendant, State Farm Fire and Casualty Company (hereinafter State Farm) appeals from a summary judgment entered against it in favor of plaintiffs, Jack and Jacqueline Tuell. The judgment held State Farm liable to plaintiffs on a homeowner's policy of insurance and required payment of a judgment of $40,000 levied against the Tuells and the expense of fees and costs incurred by them in a prior wrongful death action. That latter suit had been brought by the special administrator of the estate of Stuart J. Seele, deceased, who allegedly came to his death in an occurrence involving the operation of a motorcycle by Kevin Tuell, plaintiffs' son. Kevin was the owner of the motorcycle. Tuells cross-appeal from the disallowance of attorney fees in prosecuting the declaratory judgment action.

The following is the pertinent sequence of events:

State Farm issued to plaintiffs a policy of insurance covering the period June 27, 1979, to June 27, 1980.

On August 8, 1979, a collision occurred between motorcycles operated by Stuart Seele, a minor, deceased, and Kevin Tuell, age 17, on a dirt path. (This allegation is found in the Seele complaint.)

On July 1, 1982, an action for wrongful death of Stuart Seele was filed, naming Kevin, Jack and Jacqueline Tuell as defendants. Thereupon, defense of this action was tendered to State Farm and refused by State Farm on the ground that there was no coverage under said policy.

On July 11, 1983, a jury verdict was entered in favor of Seele and against Jack and Jacqueline Tuell on counts IV and V of the second amended complaint, judgment thereon for $40,000 being entered on July 25, 1983.

Tuells' suit for declaratory judgment was started on October 6, 1983, and there followed denial of State Farm's motion for judgment on the pleadings, and allowance of Tuells' motion for summary judgment. It is from the latter that State Farm appeals.

Appellant raises three issues on appeal:

1. That the court below erred in finding that the policy in question afforded coverage for the wrongful death claim raised in the underlying action;

2. That the trial judge improperly employed his recollection of testimony in the tort action, this being *dehors* the record in the declaratory judgment action; and

3. That the trial court erred in finding that State Farm was estopped to deny policy coverage by reason of its refusal to defend in the wrongful death suit.

Because we affirm the judgment below on the ground of estoppel, we consider appellant's first two points only as they relate to the question of estoppel.

The second amended complaint included counts of negligence and wilful and wanton conduct against Kevin Tuell. Count IV alleged a claim against the senior Tuells for negligent supervision of Kevin's operation of a motorcycle, and count V, against the same defendants, raised a claim for negligent entrustment of the motorcycle.

The relevant coverage section of the policy in dispute reads:

"COVERAGE L—PERSONAL LIABILITY

if a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage to which this coverage applies, we will:

a. pay up to our limit of liability for the damages for which the insured is legally liable; and

b. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate.

Our obligation to defend any claim or suit ends when the amount we pay for damages resulting from the occurrence equals our limit of liability."

Another clause provided:

"2. *Severability of Insurance.* This insurance applies separately to each insured. This condition shall not increase our limit of liability for any one occurrence."

This provision is relevant because Kevin Tuell and his parents were all within the definition of "insured" under the policy.

State Farm's denial of coverage referred to these provisions of the policy:

"Coverage L—Personal Liability (R—C22)

Payments to others do not apply to:

e. Bodily injury or Property Damage arising out of the ownership, maintenance, use, loading or unloading of:

(2) a motor vehicle owned or loaned to any insured."

"5. 'motor vehicle' means

    a. a motorized land vehicle designed for travel on public roads and subject to motor vehicle registration;

    c. a motorized golf cart, snowmobile, or other motorized land vehicle owned by any insured and designed for recreational use off public roads, while off an insured location."

■ An insurance company's obligation to represent its insured depends on the allegations of the complaint and the provisions of the insurance policy. (*Sherman v. Home Insurance Co.* (1975), 25 Ill. App. 3d 519, 522; *Hartford Accident & Indemnity Co. v. Case Foundation Co.* (1973), 10 Ill. App. 3d 115, 121.) It is the duty of an insurer to defend an action brought against the insured if the complaint alleges facts within, or potentially within, policy coverage. (*Thornton v. Paul* (1978), 74 Ill. 2d 132, 144; *McFadyen v. North River Insurance Co.* (1965), 62 Ill. App. 2d 164, 170; *Mol v. Holt* (1980), 86 Ill. App. 3d 838, 840; *Reis v. Aetna Casualty & Surety Co.* (1978), 69 Ill. App. 3d 777.) Moreover, the duty to defend extends to cases where the complaint alleges several causes of action or theories of recovery against an insured even if only one or some of them are within the policy coverage. (*Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 194; *United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co.* (1982), 107 Ill. App. 3d 190, 194.) Unless the complaint, on its face, clearly alleges facts which, if true, would exclude coverage, the potentiality of coverage is present and the insurer has a duty to defend. (*Reis v. Aetna Casualty & Surety Co.* (1978), 69 Ill. App. 3d 777, 784; *Sherman v. Home Insurance Co.* (1975), 25 Ill. App. 3d 519, 522; *Aetna Casualty & Surety Co. v. Coronet Insurance Co.* (1976), 44 Ill. App. 3d 744, 748; *Fragman Construction Co. v. Preston Construction Co.* (1971), 1 Ill. App. 3d 1002, 1005; *Country Mutual Insurance Co. v. Murray* (1968), 97 Ill. App. 2d 61, 72.) The duty to defend is "not annulled by the knowledge of the insurer that the allegations are untrue." (*Thornton v. Paul* (1978), 74 Ill. 2d 132, 144; *Sims v. Illinois National Casualty Co.* (1963), 43 Ill. App. 2d 184, 192.) The foregoing rules are based upon the principle that the insurer's duty to defend is broader than its duty to pay. *Fragman Construction Co. v. Preston Construction Co.* (1971), 1 Ill. App. 3d 1002, 1005; *McFadyen v. North River Insurance Co.* (1965), 62 Ill. App. 2d 164, 170.

■ We thus examine the record to determine whether in the underlying wrongful death complaint there are alleged facts that bring the claim within, or potentially within, policy coverage. "Poten-

tial" may be defined as "possible but not yet realized; capable of being but not yet in existence; latent." The American Heritage Dictionary 1025 (1969).

State Farm argues that the allegation in the Seele complaint as to the location of the motorcycle collision did not bring the occurrence within coverage of the Tuell policy. The complaint stated in count IV:

"3. That on August 8, 1979, at about 7:45 p.m. the Plaintiff, decedent, STUART J. SEELE, age 14, was riding a motorcycle in an easterly direction on a narrow dirt trodden path immediately south of and adjacent to Illinois Route No. 72, approximately 1.4 miles East of Kishwaukee Road in Maryland Township, Ogle County, Illinois.

4. The above-described path was located on private property and extended along and parallel to Illinois Route No. 72 for a considerable distance and is located directly across from the home of the Defendants in Stillman Valley, Illinois."

The "insured location" as defined by the policy reads, in part:

"4. 'insured location' means:

    a. the residence premises;

    b. the part of any other premises, other structures, and grounds, used by you as a residence or which is acquired by you during the period this policy is in effect for your use as a residence;

    c. any premises used by you in connection with the premises included in 4a or 4b;"

The "Declarations" page of the policy was blank as to "location of residence premises" and listed insured mailing address as "Rte, 1, Box 274, Stillman Valley, IL. 61084."

Remembering that the Seele complaint described the site of the motorcycle collision as "directly across from the home of the defendants in Stillman Valley, Illinois," the trial court correctly held that this constituted allegation of facts potentially within policy coverage.

The motor vehicle exclusion relied upon by State Farm does not by itself and automatically stand as a bar to policy coverage. While the occurrence may have been vehicle-related, allegations of negligent entrustment and supervision are separately recognized causes of action. Applying the rule of law enunciated in *Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, and *United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co.* (1982), 107 Ill. App. 3d 190, that the duty to defend extends to cases where the complaint alleges several causes of action or theories of recovery against an insured, one of which is within the coverage of a policy

while the others may not be, we find that here there were allegations of fact bringing the Seele claim potentially within policy coverage.

On the substantive question of the applicability of the motor vehicle exclusion, had this issue been properly and timely presented for judicial determination, Illinois cases are in conflict. *State Farm Fire & Casualty Co. v. McGlawn* (1980), 84 Ill. App. 3d 107, holds that the exclusion may be interpreted as controlling. A more recent decision, *United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co.* (1982), 107 Ill. App. 3d 190, reaches a contrary conclusion. For the purposes of the instant matter, it must be importantly noted that in both of these cases, the issue was presented and determined in a declaratory judgment action before trial of the underlying personal injury litigation. That avenue of judicial decision was declined by State Farm here, nor did it opt to proceed under a reservation of rights.

We hold, therefore, that the court below, under the Illinois authorities cited above, properly found State Farm estopped to deny policy coverage. *Thornton v. Paul* (1978), 74 Ill. 2d 132; *Reis v. Aetna Casualty & Surety Co.* (1978), 69 Ill. App. 3d 777; *Mol v. Holt* (1980), 86 Ill. App. 3d 838.

■■ Tuells have filed a cross-appeal from denial of their claim for attorney fees incurred in prosecuting the instant declaratory judgment action. While there may be some logical merit to their argument, the decided cases hold to the contrary.

The Illinois law is well settled that an insured may not recover attorney fees and costs for bringing a declaratory judgment against the insurer. (*Reis v. Aetna Casualty & Surety Co.* (1978), 69 Ill. App. 3d 777, 789; *Brown Bag Co. v. Bituminous Casualty Corp.* (1969), 117 Ill. App. 2d 287, 295; *Country Mutual Insurance Co. v. Murray* (1968), 97 Ill. App. 2d 61, 81.) The decision of our supreme court in *Conway v. Country Casualty Insurance Co.* (1982), 92 Ill. 2d 388, does not support a contrary rule.

The judgment of the trial court is affirmed.

Affirmed.

HOPF and STROUSE, JJ., concur.