This is an appeal from a declaratory judgment rendered by the trial court against Reliance Insurance Company holding that the Reliance insurance policy afforded Gary C. Wyatt, Inc., ("Wyatt") coverage for liability resulting from breach of contract. The facts in this case are undisputed.
On September 13, 1983, Wyatt, who was engaged in a construction project in Destin, Florida, leased a Manitowoc crawler crane from Essex Crane Rental Corporation for use at Wyatt's construction site in Destin. Paragraphs 11(a) and (b) of the lease agreement[1] between Essex and Wyatt provide:
 "(a) It is understood and agreed that the Lessee will include the interest of *Page 689 
ESSEX CRANE CORPORATION as an additional interest under their General Liability and Automobile Insurance policies as respect to this Equipment during the term of rental.
 "(b) Liability of Lessee: The Lessee shall indemnify the Lessor and hold harmless against all loss, damage, expense and penalty arising from any action on account of personal injury . . . occasioned by the operation . . . of any equipment during the rental period. . . ."
Reliance issued a general liability insurance policy to Wyatt effective September 15, 1983. Essex was not included as an additional insured under this policy, nor did Wyatt request that Essex be listed as an additional insured under this policy; and Wyatt did not procure from any other insurer the insurance that he agreed to procure in paragraph 11(a) of the lease with Essex.
On February 22, 1984, while the Reliance policy was in effect, Robert Batson, an employee of Wyatt, sustained injuries when the boom of the crane leased from Essex fell and struck Batson. Batson filed suit against Essex, Wyatt, and Manitowoc[2] in the United States District Court for the Northern District of Florida. Essex filed a cross-claim against Wyatt, seeking indemnity by paragraph 11(b) of the lease agreement, common law indemnity, and contribution.[3] Essex also filed a third-party complaint, asserting a claim for breach of contract for Wyatt's failure to include Essex as an additional insured under its liability insurance policy as required by the lease. Essex claimed Wyatt's failure to procure such insurance caused Essex to suffer damages as a "direct, foreseeable and proximate result of the breach of contract." The District Court for the Northern District of Florida granted summary judgment in favor of Essex against Wyatt on the breach of contract claim.
As a result of Essex's amended third-party complaint against Wyatt, Wyatt made demand upon Reliance to defend it[4] under its insurance policy and to cover Wyatt under the terms and provisions of the insurance contract. Because there was a genuine controversy between Reliance and Wyatt concerning Reliance's duties and obligations under the insurance policy issued to Wyatt, Reliance filed this declaratory judgment action, which concerns paragraph 11(a) of the lease agreement between Wyatt and Essex as it relates to the coverage provided by the general liability policy issued by Reliance to Wyatt.
Reliance contends that there is no coverage, because, it says, the claim against Wyatt is based on breach of contract, not an "occurrence" resulting in bodily injury or property damage, and because, it says, Reliance did not undertake to insure Wyatt against breach of contract.
The pertinent provisions of the liability policy are as follows:
 "The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
"Coverage A. bodily injury[5] or
"Coverage B. property damage
 to which this insurance applies, caused by an occurrence,[6] and the company shall have the right and duty to defend any suit against the insured
seeking damages on account of such bodily injury or property damage, even if any of *Page 690 
the allegations of the suit are groundless, false, or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements."
In paragraph 11(b) of the agreement, Wyatt agreed to indemnify Essex for all loss, etc., arising on account of personal injury. The bodily injury sustained by Batson was the "occurrence" on which Wyatt's liability to Essex was predicated. Therefore, since liability predicated on a contract[7] was not excluded, Reliance acknowledged that Essex's claim for indemnification was covered under the terms of the policy issued to Wyatt, so this is not before us.
There is a difference between coverage under the indemnity agreement and non-coverage for breach of contract. Under its terms, the Reliance policy provides coverage for liability assumed by the insured under any contract relating to its business (i.e., an incidental contract) so long as the liability assumed by such contract or agreement is predicated upon an "occurrence" that results in bodily injury or property damage. Does Wyatt's failure to perform its agreement to name Essex as an additional insured under a liability policy constitute an "occurrence" that results in "bodily injury" or "property damage"?
We have found no Alabama cases directly on point.
In Olympic, Inc. v. Providence Washington Insurance Co. ofAlaska, 648 P.2d 1008 (Alaska 1982), the policy of the insurer was equivalent to the Reliance policy in this case. It provided that the insurer would "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of . . . bodily injury." 648 P.2d at 1010. As with the case at hand, there was a breach of contract for failure to procure liability insurance as required by the lease agreement. The Alaska Supreme Court held that there was no coverage for this breach of contract.
In Silva Hill Construction Co. v. Employers MutualLiability Insurance Co., 19 Cal.App.3d 914, 97 Cal.Rptr. 498,504 (1971), a contractor failed to perform a contract to build and deliver in good condition a portion of highway within a prescribed time. Even though the liability insurance policy provided that the insurer would "pay on behalf of [the contractor] all sums . . . which the [contractor] shall become legally obligated to pay as damages because of property damage," 19 Cal.App.3d at 922, 97 Cal.Rptr. at 502, the California Court of Appeals held that the contractor's default was simply a breach of contract and was not covered by the contractor's property damage liability policy.19 Cal.App.3d at 924, 97 Cal.Rptr. at 504.
The portion of Essex's complaint with which we are concerned in this appeal is predicated upon the following alleged breach of contract: "Wyatt failed to procure liability insurance as required . . . [and this] failure constitutes a breach of the lease agreement, and Essex has, and will, suffer damages as a direct, foreseeable, and proximate result of said breach." The breach of contract was the failure to procure liability insurance. This is not an "occurrence" that results in bodily injury or property damage. Batson's injury may go to the issue of damages sustained by this breach of contract, but it is not the "occurrence" that causes the breach of contract. The contract had been breached, with or without Batson's injury. The "occurrence" *Page 691 
in this case is the breach of contract rather than the bodily injury to Batson. We conclude that no coverage exists for the breach of contract, because the breach did not constitute an "occurrence" that resulted in bodily injury or property damage under the definitions within the policy, which was necessary to bring such claim within the policy coverage. See United StatesFid. Guar. Co. v. Warwick Dev. Co., Inc., 446 So.2d 1021
(Ala. 1984); Oxford Lumber Co. v. Lumbermens Mut. Ins. Co.,472 So.2d 973 (Ala. 1985).
We reverse the judgment of the trial court and remand for further proceedings in accordance with this Court's interpretation of the pertinent provisions of the insurance policy and the meaning of the word "occurrence" as intended by the policy.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.
[1] A copy of the lease agreement was not part of the record on appeal. These provisions have been taken from the trial court's order, the complaint, and the briefs of the parties. Although there is a lack of uniformity in these secondary sources as to which provision appeared where in the lease agreement, these provisions were in the lease agreement and, for purposes of this opinion, they have been designated 11(a) and 11(b).
[2] Summary judgment was rendered in favor of Manitowoc because of Florida's statute of repose barring a product liability suit against the manufacturer filed more than 12 years after the product was sold to the first consumer.
[3] The claim for contribution was dismissed because no such claim is permitted in Florida.
[4] Reliance is defending Wyatt under a reservation of rights in the Florida district court because there are other claims asserted by Essex against Wyatt for which insurance coverage is not contested and which are not material to this appeal.
[5] "'[B]odily injury' means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom."
[6] "'[O]ccurrence' means an accident including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." (Emphasis added.)
[7] The policy provides: "This insurance does not apply:
 "(a) to liability assumed by the insured [Wyatt] under any contract or agreement except an incidental contract. . . ."
"Incidental contract" is defined under the "Ten Pak Endorsement" to this comprehensive general liability policy as:
 "any contract or agreement relating to the conduct of the named insured's [Wyatt's] business."
The contract between Wyatt and Essex related to Wyatt's business.