**AETNA CASUALTY & SURETY COMPANY, a corporation, Plaintiff,**

v.

**SPANCRETE OF ILLINOIS, INC., an Illinois corporation, Defendant.**

**No. 89 C 1969.**

United States District Court, N.D. Illinois, E.D.

Dec. 7, 1989.

A. Jeffrey Seidman, Cassiday, Schade & Gloor, Chicago, Ill., for plaintiff.

John T. Schriver, Douglas Reimer, McDermott, Will & Emery, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

In this declaratory judgment action, plaintiff Aetna Casualty & Surety Company ("Aetna") asks the court to find that Aetna has no duty to defend or indemnify one of its insureds, defendant Spancrete of Illinois, Inc. ("Spancrete"), in connection with one count of a personal injury suit filed against Spancrete in state court. Aetna and Spancrete have now filed cross motions for summary judgment, each urging the court to enter judgment in its favor as a matter of law. For the reasons stated herein, Spancrete's motion for summary judgment is granted in its entirety; Aetna's motion is partially granted and partially denied.

## FACTS

In May of 1984, Robert and Marie Scott filed suit in state court against various defendants, including Power Contracting & Engineering Corporation ("Power"). Mr. Scott claimed that on November 30, 1982, he sustained injuries while working at a construction site managed by Power. Mr. Scott sought recovery from Power, the general contractor, based on the Illinois Structural Work Act and common law negligence; Mrs. Scott brought a claim against Power for loss of consortium.

In response to the Scott's complaint, Power filed a third-party complaint against Spancrete, which was working as a subcontractor at the job site where Mr. Scott was injured.[1] Power's third-party complaint sets forth three counts. Two of those counts (Counts I and II) assert the same claims against Spancrete that Scott brought against Power—claims based on the Illinois Structural Work Act and common law negligence. In Count III, Power alleges that Spancrete breached its subcontract with Power. According to Power, Spancrete failed to fulfill its obligation under the subcontract to name Power as an additional insured in certain liability policies covering Spancrete's work at the construction site.

Upon being served with Power's third-party complaint, Spancrete contacted Aetna. Aetna had issued a comprehensive general liability insurance policy to Spancrete for the period from April 1, 1982 to April 1, 1983. The policy provided certain coverage for bodily injury liability, as follows:

---

**1.** Spancrete had subcontracted some of its work    to Mr. Scott's employer, Concrete Erectors, Ltd.

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage ...

Since Mr. Scott suffered his injuries during the policy period, Spancrete sought both defense and indemnification from Aetna for any liability resulting from Power's third-party action. Aetna agreed to defend and indemnify Spancrete with respect to Counts I and II of Power's third-party complaint. However, Aetna refused to provide any defense or indemnity for Count III of the suit.

Aetna initiated this diversity action seeking an order declaring that it has no duty to defend or indemnify Spancrete on Count III of Power's third-party action. Aetna has now filed a motion for summary judgment, arguing that it is entitled to such a declaration as a matter of law. Spancrete's cross motion for summary judgment argues that Aetna has a duty to defend Spancrete on Count III of Power's third-party action. Spancrete further maintains that because Aetna has wrongfully refused to provide such defense, Aetna is liable for the costs and attorneys' fees which Spancrete has incurred in defending Count III of Power's third-party action, as well as the costs and fees it has incurred in defending this declaratory judgment action.

### DISCUSSION

As a preliminary matter, that court finds that Aetna's cavalier disregard for the procedural rules of this court by itself constitutes grounds for denial of Aetna's motion for summary judgment. Rule 12($l$) of the Local Rules of the United States District Court for the Northern District of Illinois requires a party moving for summary judgment to submit a statement of material facts along with its motion. Aetna submitted no Rule 12($l$) statement. Rule 12($l$) expressly states that "[f]ailure to submit such a statement constitutes grounds for denial of the motion." In addition, Aetna failed to file its response to Spancrete's factual statement along with its memorandum in opposition to Spancrete's motion, as required by Local Rule 12(m). These procedural deficiencies are not taken lightly by this court. Nevertheless, this court will not rely on procedural defects to deny Aetna's motion. Since this case involves purely legal issues, the interest of justice and the speedy resolution of this case are better served if the court addresses the merits of the parties' arguments at this time.

### I. *Aetna's Duty to Indemnify*

Aetna first argues that as a matter of law, it is entitled to a declaration that the insurance policy issued to Spancrete does not provide coverage for Count III of Power's third-party action. On this point, Aetna is correct. The general coverage provision in the Aetna policy states that Aetna must indemnify Spancrete for damages which Spancrete becomes legally obligated to pay as the result of bodily injury or property damage. This provision does not provide coverage for damages resulting from breach of contractual obligations, as is the basis for Count III of Power's third-party complaint. *See Reliance Ins. Co. v. Gary C. Wyatt, Inc.*, 540 So.2d 688, 690–91 (Ala.1988); *Olympic, Inc. v. Providence Washington Ins. Co. of Alaska*, 648 P.2d 1008, 1012–13 (Alaska 1982).

The Aetna policy does have certain provisions, modified by an endorsement to the policy, which provide "contractual liability coverage." In relevant part, these provisions read:

This insurance does not apply:

(a) to liability assumed by the insured under any contract or agreement *except an incidental contract* ...

\* \* \* \* \* \*

I. CONTRACTUAL LIABILITY COVERAGE

(A) The definition of incidental contract is extended to include any oral or written contract or agreement relating to the conduct of the named insured's business.

(Emphasis added.) These provisions, however, only afford coverage for liability *assumed* by a contractual provision, not liability arising out of a breach of a contractual provision. *Reliance Ins. Co. of Illinois v. Nick J. Giannini, Inc.*, 158 Ill.App.3d 657, 110 Ill.Dec. 578, 511 N.E.2d 755 (1987). *See also Olympic*, 648 P.2d 1008, 1010–12. *Cf. Dreis & Krump Manufacturing Co. v. Phoenix Ins. Co.*, 548 F.2d 681 (7th Cir. 1977) (construing similar language). In the instant case, Count III of Power's third-party action is not based on Spancrete's assumption of liability; it is based on Spancrete's breach of Article 9 of the subcontract, a provision under which Spancrete agreed to procure liability insurance naming Power as an insured.[2] As a result, the contractual liability coverage afforded by the Aetna policy does not apply to Count III of Power's third-party complaint. Accordingly, as a matter of law, Aetna is not obligated to indemnify Spancrete for any liability Spancrete incurs as a result of Count III of Power's third-party action.

## II. *Aetna's Duty to Defend*

■ Aetna's second argument is that since it has no obligation to indemnify Spancrete for Count III of Power's third-party action, it also has no duty to provide defense to Spancrete for that count. Spancrete points out, however, that this argument runs directly contrary to the Illinois Supreme Court's decision in *Maryland Casualty Co. v. Peppers*, 64 Ill.2d 187, 355 N.E.2d 24 (1976). In that case, the insured was sued for personal injuries he had caused by firing a shotgun. The court held that even though the insurance policy covered only negligent acts by the insured, the insurer had a duty to defend the insured against separate counts alleging intentional and negligent conduct on the part of the insured. The court stated:

> [The insurer's] duty to defend extends to cases where the complaint alleges sever-

al causes of action or theories of recovery against the insured, one of which is within the coverage of a policy while the others may not be.

355 N.E.2d at 28. Subsequent to *Maryland Casualty*, the Seventh Circuit has continually recognized that in Illinois, an insurer's duty to defend may extend to claims which are not within policy coverage. *See, e.g., Tews Funeral Home, Inc. v. Ohio Casualty Ins. Co.*, 832 F.2d 1037, 1042 (7th Cir.1987) ("As long as only one of the many grounds for recovery is potentially covered by the policy, the insurer must provide a defense against the entire complaint, even if one or more theories of recovery are specifically excluded under the policy."); *Ohio Casualty Ins. Co. v. Bazzi Construction Co., Inc.*, 815 F.2d 1146, 1147 (7th Cir.1987) ("Even if recovery in the underlying suit is premised upon several theories of liability, some of which are excluded from policy coverage, the insurer is still obligated to defend the insured as long as one of the theories advanced might possibly fall within the scope of the policy coverage.").

Aetna argues that *Maryland Casualty* is distinguishable from the instant case because here, unlike in *Maryland Casualty*, the underlying action asserts separate counts based on different sets of facts. In *Maryland Casualty*, both the intentional tort count and the negligence count brought against the insured were based on a single factual occurrence: the insured's firing of the gun. In the instant case, in contrast, the factual basis for Count III of the underlying action is different from the factual basis for Counts I and II. Count III seeks recovery for Spancrete's alleged failure to procure insurance naming Power as an insured; Counts I and II seek recovery for Spancrete's conduct in connection with the construction site at which Mr. Scott was injured. Aetna argues that the

---

**2.** Spancrete argues that Count III of Power's third-party action should be read as charging that Spancrete breached the part of the subcontract under which Spancrete assumed liability to Power for injuries occurring during Spancrete's work at the construction site. This court, however, finds that the proper interpreta-

tion of Count III is that it seeks recovery for Spancrete's alleged failure to procure insurance naming Power as an insured. The only reference made to the subcontract in Count III is to Article 9; Article 7, the provision in which Spancrete assumed certain liability to Power, is not mentioned at all in Count III.

rule set forth in *Maryland Casualty*—that an insurer must defend its insured against claims outside the policy coverage where at least one claim against the insured is within the policy coverage—applies only where the claims arise out of the same set of facts, not, as here, where the claims arise from different factual contexts.

Aetna points out that in a prior case, *Kansa General Ins. Co. v. Moore Business Forms, Inc.*, No. 85 C 5837 (N.D.Ill.July 30, 1986), this court adopted Aetna's interpretation of *Maryland Casualty*. The facts in *Kansa*, however, were significantly different than those in the instant case. In *Kansa*, the underlying suit was brought in six counts. Counts I–V alleged tortious conduct and breach of contract; Count VI alleged negligence. Only Count VI was covered under the insurance policy. Under the circumstances in that case, the insurer's representation of the insured in the entire underlying action created the potential for a conflict of interest. Faced with defending the entire action against the insured, the insurer might have devoted all or most of its energies toward defending Count VI—the negligence count—since the insurer could only have incurred liability on that count.

In the instant case, in contrast, Aetna's defense of the entire underlying action poses no conflict-of-interest problems. Since Counts I and II of the underlying action fall within policy coverage, Aetna will vigorously defend these counts. Damages are incurred on Count III of the underlying action only when there is liability on Count I or II. Therefore, by defending Counts I and II, Aetna will also be providing adequate defense to Count III. As such, the reasoning behind the decision in *Kansa* does not apply to the instant case.

Moreover, subsequent to *Kansa*, the Seventh Circuit has interpreted *Maryland Casualty* more broadly than this court did in *Kansa*. In *Tews, supra*, the court held that where claims covered under an insurance policy are brought against the in-

sured, the insurer has a duty to defend accompanying claims not within policy coverage, even if the claims outside the coverage arise out of a different set of operative facts than the covered claims. *Tews*, 832 F.2d at 1039–42 & n. 1. *See also Western Casualty & Surety Co. v. Adams County*, 179 Ill.App.3d 752, 128 Ill.Dec. 621, 534 N.E.2d 1066 (1989) (finding that insurer has a duty to defend state law claims outside coverage of policy even though the federal claims falling within the policy were based on separate facts). If the insurer's defense of all the claims poses a conflict, the insured's duty to defend remains: the insured may conduct his own defense at the expense of the insured. *Tews*, 832 F.2d at 1039, 1045. Therefore, under *Maryland Casualty* and *Tews*, Aetna has a duty to defend the entire underlying action.[3]

### III. *Aetna's Liability For Fees and Costs*

■ Since Aetna has a duty to defend Spancrete against Power's entire third-party action, it must compensate Spancrete for the fees and costs Spancrete has incurred in defending Count III of that suit. Spancrete argues that Aetna is also liable for the fees and costs which Spancrete has amassed in defending this declaratory judgment action. As the parties have duly noted, the Seventh Circuit has been inconsistent on the issue of whether an insurer who breaches its duty to defend its insured is liable for costs the insured incurs in a declaratory judgment action construing the parties' rights. In *Green v. J.C. Penny Auto Ins. Co., Inc.*, 806 F.2d 759, 765 (7th Cir.1986), the court recognized that this issue is a question of Illinois law which the Illinois Supreme Court has not yet resolved. The court then stated:

> Several intermediate [Illinois] appellate court cases have held that an insured may not recover attorneys' fees and costs for bringing a declaratory judgment action against the insurer. *See, e.g., Tuell v. State Farm Fire & Cas. Co.*, 132 Ill.App.3d 449, 454, 87 Ill.Dec. 469, 473, 477 N.E.2d 70, 74 (2d Dist.

---

**3.** Since this court has already determined that Aetna's defense of the entire underlying action poses no conflict of interest problems, there is no need for Spancrete to choose its own counsel at Aetna's expense; Aetna's counsel may defend the entire underlying complaint.

1985).... In contrast, the [Illinois] appellate court in the Fifth District has recently held that where an insurer breached its duty to defend its insured, the insured party is entitled to attorneys' fees in both the underlying suit and the prosecution and appeal of the declaratory judgment action against its insurer. *Trovillion v. U.S. Fidelity & Guaranty Co.*, 130 Ill.App.3d 694, 700–701, 86 Ill. Dec. 39, 44, 474 N.E.2d 953, 958 (5th Dist.1985)....

In our view, *Trovillion* is the superior view. Therefore, where an insured breaches its duty to defend its insured and thereby forces the insured to bear the burden of initiating a declaratory judgment action against the insured, the insured can recover attorneys' fees incurred from bringing the declaratory judgment action.

*Id.* Subsequent to *Green*, however, the Seventh Circuit, in *Tews, supra*, stated:

"Illinois law is well settled that an insured may not recover attorney's fees and costs for bringing a declaratory judgment against the insurer." *Tuell v. State Farm Fire & Casualty Co.*, 132 Ill.App.3d 449, 87 Ill.Dec. 469, 477 N.E.2d 70, 74 (2nd Dist.1985) (collecting cases).

832 F.2d at 1047. This ruling is directly contradictory to the decision in *Green.*

This court has not found any significant developments in Illinois law on this issue since the Seventh Circuit's decision in *Tews.* Therefore, under normal circumstances, this court would be bound to follow the Seventh Circuit's ruling in *Tews* and hold that Spancrete cannot recover its fees and costs associated with defending this declaratory judgment action.[4] However, several factors lead this court to conclude that the decision in *Green* represents the current state of the law in this circuit. First, in *Tews,* the Seventh Circuit adopted Judge Grady's district court opinion as its own in resolving the appeal. Judge Grady's deci-

sion was issued on July 17, 1986. *Green,* which was decided on November 25, 1986, effectively overruled the costs and fees aspect of Judge Grady's decision. Second, when the Seventh Circuit later adopted Judge Grady's decision as its own in the appeal on December 2, 1987, the insurer's liability for costs and fees was not a major point of disagreement between the parties; it is unclear if this issue was even raised on appeal. Therefore, the Seventh Circuit's failure to amend Judge Grady's opinion or, at least, discuss the *Green* decision, was apparently merely an oversight.

Accordingly, this court will follow the ruling in *Green.* Under that decision, Aetna is liable for the costs and fees which Spancrete has incurred in defending this declaratory judgment action.

## CONCLUSION

For the foregoing reasons, Aetna's motion for summary judgment is granted to the extent that it seeks an order declaring that Count III of Power's third-party complaint is not covered under the insurance policy issued by Aetna to Spancrete. In all other respects, Aetna's motion is denied. Spancrete's motion for summary judgment is granted in its entirety.

Therefore, the court hereby declares, as a matter of law, that:

(1) Aetna has no duty to indemnify Spancrete for liability which Spancrete incurs on Count III of Power's third-party action;

(2) Aetna has a duty to defend Spancrete on Count III of Power's third-party action;

(3) Aetna is obligated to pay the attorneys' fees and costs which Spancrete has incurred in defending the instant action and Count III of Power's third-party action.

IT IS SO ORDERED.

---

4. Actually, the ruling in *Tews* dealt with fees and costs associated with *bringing* a declaratory judgment action, not *defending* one. However, this court does not believe that the *Tews* holding would have been different if the insured had been the defendant in the declaratory judgment action. *See Brotherhood Mutual Ins. Co. v. Roseth,* 177 Ill.App.3d 443, 126 Ill.Dec. 669, 532 N.E.2d 354, 360–61 (1988) (finding "it logically follows [from *Tuell* ] that an insured may not recover fees and costs for *defending* a declaratory judgment action ...") (emphasis in original.)